# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Robert Miller,** | ) | **CASE NO. 1:22 CV 636** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **United States,** | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## Background

*Pro se* Petitioner Robert Miller, a federal prisoner, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He has also filed a Motion for a Show Cause Order. (Doc. No. 3.)

In 2007, Petitioner pleaded guilty to two counts of receiving and distributing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). This Court sentenced him to 180 months of imprisonment and three years of supervised release on the first § 2252(a)(2) count and to 240 months of imprisonment and a lifetime term of supervised release on the second § 2252(a)(2) count. *United States v. Miller*, 1: 06 CR 364 (N.D. Ohio). Petitioner was ordered to serve those sentences, both of which were

at the statutory maximum, concurrently. In a separate but consolidated case, this Court sentenced Petitioner to a total term of 24 months of imprisonment and three years of supervised release after he pleaded guilty to failure to appear, in violation of 18 U.S.C. § 3146(a)(1), and theft of government property, in violation of 18 U.S.C. § 641. Petitioner was ordered to serve those sentences concurrently with each other but consecutively to the sentences on the visual-depiction counts.

The Sixth Circuit affirmed Petitioner's convictions and sentence on direct appeal. *See United States v. Miller*, Nos. 07-3854/3855 (6th Cir. Sept. 16, 2008) (order). Petitioner is still serving his prison sentences and is not due to be released by the Bureau of Prisons until 2025.

In his Petition, Petitioner seeks to vacate the supervised release portion of his sentence on his § 2252(a)(2) convictions on the basis of the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019).

**Standard of Review and Discussion**

Federal district courts conduct initial review of habeas corpus petitions and must dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 habeas corpus petitions pursuant to Rule 1(b)). Under 28 U.S.C. § 2243, "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id*.

Upon review, the Court finds that the Petition must be dismissed.

Petitioner has not asserted a claim cognizable in a § 2241 habeas corpus petition. A federal prisoner generally may not use a § 2241 petition to challenge the legality of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must do so through a motion under 28 U.S.C. § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of a prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). But a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior

conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Petitioner has not demonstrated these requirements. He was not sentenced pre-*Booker*, and he has not pointed to a case of statutory interpretation from the Supreme Court supporting a claim for relief. In *Haymond*, the Supreme Court case on which he relies, the Supreme Court held that 18 U.S.C. § 3583(k), which set a mandatory minimum penalty based on judge-found facts following a supervised-release revocation, was unconstitutional. But, as the Sixth Circuit held in *United States v. Gray*, No. 20-3523, 2021 WL 2026929 (6th Cir. May 19, 2021), *Haymond* is applicable only if a defendant has been sentenced under § 3583(k). Petitioner was not sentenced following a supervised-release revocation under § 3583(k). Rather, like the defendant in *Gray*, Petitioner is still actively serving his federal sentence. Thus, *Haymond* is inapplicable to his case. *See Gray*, 2021 WL 2026929.

## Conclusion

Accordingly, the Petition in this case and Petitioner's Motion for a Show Cause Order are both denied, and this action is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases and 28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 7/11/22